148 So. 442

**WOODS v. BLACHE et al.**

No. 31612.

May 1, 1933.

Friedrichs, Connolly & Simoneaux, of New Orleans, for appellant.

OVERTON, Justice.

This is a suit brought against J. Henry Blache, as agent, and Alma E. Lewis, wife of Walter Platt, and Catherine A. Lewis, as principals, to declare a contract for the purchase of real estate, involving an obligation to pay for the property $7,000, null and void, and to recover the sum of $500, with legal

interest from judicial demand, the amount sued for being a deposit, made by plaintiff, under the contract to purchase.

The cause of action rests upon allegations showing that Alma and Catherine Lewis owned certain real property in New Orleans, which they placed in the hands of Blache for sale. Lillie Woods offered, it is alleged, to purchase the property through Blache for part cash, and the balance on credit, the deed to be passed before the purchaser's notary on or before December 15, 1929. This offer was accepted by Alma and Catherine Lewis, and, in accordance with the terms of the offer and its acceptance, plaintiff deposited $500 in the hands of Blache to bind the sale and as part of the purchase price. Both sides agreed not to recede from the contract by accepting the rights conferred by article 2463 of the Civil Code.

The $500 deposited is the $500 now sued for. The right to recover the amount rests upon an allegation that the contract calling for the deposit is null and void, because it contains a potestative condition.

Blache appeared and excepted to plaintiff's petition, first, upon the ground of misjoinder of parties defendant, and, secondly, upon the ground of no right or cause of action.

Plaintiff briefs his case as if the trial court passed upon and sustained the exception of misjoinder, but in this plaintiff is in error. Both the minutes of court and the judgment rendered show that the only exception taken up for consideration and disposed of was the exception of no cause or right of action, which was sustained, and the suit dismissed as to Blache. This opinion will therefore be

confined to the exception of no right or cause of action.

The sole cause of action set forth by plaintiff is that the contract for the purchase contains a potestative condition, which not only makes the contract null and void, but entitles plaintiff to recover the $500 deposit, made by her under the contract. The petition fails to set forth any facts disclosing a potestative condition, but merely alleges that such a condition exists. The contract attached to the petition and found in the record contains no potestative condition, but is a simple acceptance of the offer, with the usual provision as to commissions and the surrender of the right by either party to the contract to recede from it by paying the amount prescribed by article 2463 of the Civil Code, relative to the giving of earnest money.

Since the contract does not contain a potestative condition, it is obvious that the petition, of which the contract forms part, discloses no right or cause of action, notwithstanding plaintiff alleges the conclusion of law that it does contain such a condition. The exception of no cause or right of action was therefore properly sustained.

The judgment is affirmed.